UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Foster,<br>                Plaintiff,<br><br>vs.<br><br>Larry W. Powers, *Director of Spartanburg County Jail*; Tony Fisher, *Director of Spartanburg City Police Department*; J. L. Hall; Bradford James; Daniel K. Swad; Derham Cole, *Judge*; Alex Stavely, *Prosecutor*; William McPherson, *P. D. Office*,<br><br>                Defendants. | C/A No. 9:15-1611-TMC-BM<br><br><br>**REPORT AND RECOMMENDATION** |

The Plaintiff, Robert Lee Foster, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Tyger River Correctional Institution, part of the South Carolina Department of Corrections (SCDC). Plaintiff alleges violations of his constitutional rights by the named Defendants.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se



complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

Plaintiff alleges that the Defendants violated his Fourth and Eighth Amendment rights as well as his due process rights by unlawfully arresting him without probable cause, committing a Brady[1] violation, maliciously prosecuting him, and improperly sentencing him. Plaintiff also claims that this Court erred in dismissing two of his previously filed cases (3:08-25-PMD-JRM and 3:09-452-PMD-JRM) pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).[2]

---

[1] Brady v. Maryland, 373 U.S. 83 (1963).

[2] In Heck, the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Heck, 512 U.S. at 486-487.



2

In Civil Action Number 3:08-25-PMD-JRM, Plaintiff alleged, among other things, that Defendants Officers Hall and James of the Spartanburg Police Department arrested him without probable cause while Defendant Officer Swad conducted an unconstitutional search of his person at the Spartanburg County Detention Facility. In February 2009, the Honorable Patrick Michael Duffy, United States District Judge, granted the Defendants' motion for summary judgment because Plaintiff's claim that he was arrested without probable cause was barred by Heck. Judge Duffy further found that, even if the claim was not barred by Heck, Spartanburg Police Officers Hall and James had probable cause to make the arrest. Judge Duffy also held that Plaintiff's constitutional claims against Defendants Spartanburg County Detention Facility Director Powers and Officer Swad concerning a search of Plaintiff's person failed as a matter of law as the search procedure was supported by a reasonable suspicion that Plaintiff might have drugs or weapons on his person and was conducted in a reasonable manner. See Foster v. Powers, No. 3:08–0025–PMD–JRM, 2009 WL 349165, at *3-6 (D.S.C. Feb. 10, 2009), aff'd, 339 F. App'x 355 (4th Cir. Aug. 5, 2009).

In Civil Action Number 3:09-452-PMD-JRM, Plaintiff brought an action against a number of the same Defendants as in this action, including Judge Cole, Prosecutor Stalvey, Public Defender William McPherson, Officer Swad, Officer Hall, and Officer James. He requested release from prison and to bring criminal charges against the Defendants. Judge Duffy dismissed that case because Plaintiff failed to state a claim for relief which could be granted, finding that to the extent Plaintiff challenged the validity of his conviction and sought to be released from incarceration, Plaintiff had to pursue a separate habeas action (and needed to first exhaust any state court remedies),



3

and that Plaintiff had no "judicially cognizable interest" in the criminal prosecution of others.[3] See Foster v. Cole, No. 3:09-452-PMD-JRM, 2009 WL 1923382, at *2 (D.S.C. June 30, 2009), aff'd, 353 F. App'x 833 (4th Cir. Nov. 24, 2009).

Plaintiff argues that this Court should have stayed these two cases until his pending criminal case was resolved. However, although Plaintiff appears to be requesting that Civil Action Numbers 3:08-25-PMD-JRM and 3:09-452-PMD-JRM be reopened, he provides no basis for doing so. To the extent he is requesting relief from an order or judgment pursuant to Rule 60(b), this action/motion is untimely as it was not filed timely or within a reasonable time. See Fed. R. Civ. P. 60(c).

Further, records from the Spartanburg County Circuit Court indicate that Plaintiff was convicted on May 20, 2008 on the (October 3, 2007) charge of manufacturing and distributing cocaine base (3rd offense) and was sentenced to twenty years imprisonment. See Spartanburg County Seventh Judicial Circuit Public Index, http://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?CourtAgency=42001&Casenum=2008GS4202261&CaseType=C (last visited Aug. 11, 2015). In Wallace v. Kato, 549 U.S. 384 (2007), the Supreme Court stated:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would

---

[3] An individual such as the Plaintiff here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the prosecution or nonprosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64–65 (1986) [applying Linda R.S. v. Richard D. and collecting cases]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"].



4

> impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

Id. at 393-394 (citations omitted). Hence, at the time of the Court's rulings in the prior cases, there was no need to stay Plaintiff's cases as Plaintiff had been convicted and had not shown that his conviction had been invalidated. Further, as noted above, Judge Duffy found that even if Plaintiff's claims concerning his arrest were not barred by Heck, Spartanburg Police Officers Hall and James had probable cause to arrest the Plaintiff. See Foster v. Powers, No. 2009 WL 349165, at *4. Further, as Plaintiff has not shown a favorable termination as to his conviction, any claims in the current action for malicious prosecution and/or false imprisonment are barred by Heck, and should be dismissed. See Lambert v. Williams, 223 F.3d 257, 260–261 (4th Cir. 2000)[claim for malicious prosecution requires a showing that the initiation or maintenance of a proceeding against the plaintiff was without probable cause to support it and a termination thereof occurred in favor of the plaintiff], cert. denied, 531 U.S. 1130 (2001); Brooks v. City of Winston–Salem, 85 F.3d 178, 183 (4th Cir. 1996)[Claim for malicious prosecution does "not accrue until a favorable termination is obtained."]; Roesch v. Otarola, 980 F.2d 850, 853–854 (2d Cir. 1992)[holding that requirement that a plaintiff receive favorable termination applies to claims of false arrest, false imprisonment, and malicious prosecution].

      As for Plaintiff's current request to be released from incarceration, such relief may only be obtained in a habeas action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)[complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983]. In Heck, the



Fourth Court reiterated that release from prison is not a remedy available under 42 U.S.C. § 1983. Heck, 512 U.S. at 481 [stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"]. If Plaintiff wishes to challenge the duration of his confinement, he must obtain habeas forms from the Clerk of Court and file a separate action, after he has fully exhausted his state court remedies.

Additionally, Defendant Prosecutor Alex Stavely is entitled to summary dismissal as a party Defendant in any event because prosecutors have absolute immunity for activities performed as "an officer of the court" where the conduct at issue was closely associated with the judicial phase of the criminal process. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-343 (2009). For example, when a prosecutor "prepares to initiate a judicial proceeding," "appears in court to present evidence in support of a search warrant application," or conducts a criminal trial, bond hearings, grand jury proceedings, and pre-trial "motions" hearings, absolute immunity applies. Id. at 343; see also Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller–Burnside, 208 F.3d 467 (4th Cir. 2000); see also Carter v. Burch, 34 F.3d 257, 262-263 (4th Cir. 1994)[absolute immunity applies when a prosecutor is alleged to have withheld exculpatory evidence and conspired to present false testimony during trial]. In the instant action, Plaintiff's claims against Defendant Stavely involve the prosecution of Plaintiff's criminal case. Therefore, Defendant Stavely is protected from Plaintiff's claims for damages by prosecutorial immunity. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)[absolute immunity "is an immunity from suit rather than a mere defense to liability"]; see also Bernard v. County of Suffolk, 356 F.3d 495, 502 (2d Cir. 2004)[immunity extends to



6

"persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process].

Similarly, Defendant William McPherson, who Plaintiff identifies as a public defender, is entitled to summary dismissal because Plaintiff has alleged no facts to indicate that McPherson acted under color of state law.[4] An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-324 nn. 8-16 (1981)["A lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."]; Hall v. Quillen, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980)[court-appointed attorney]; Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)[private attorney].

Finally, the Defendant Judge Derham Cole is entitled to immunity from suit for all actions taken in his judicial capacity. See Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-64 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)[a suit by South Carolina inmate against two Virginia magistrates]; Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)["It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."]; see also Siegert v. Gilley, 500 U.S. 226 (1991)[immunity presents a threshold question which should be resolved before discovery is even allowed]; Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) [absolute immunity "is an immunity from suit rather than a mere defense

---

[4]In order to state a cause of action under § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state or [federal] law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167 (1961).



7

to liability"]. Here, Plaintiff's allegations involve Judge Cole's actions taken in his judicial capacity in Plaintiff's criminal case. Therefore, Judge Cole is entitled to dismissal as a party Defendant.

### Recommendation

Based on the foregoing, it is recommended that the Court **dismiss** Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 18, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



9