IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert Lee Foster, ) | |
| ) | Civil Action No. 9:15-cv-1611 |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Larry W. Power, Tony Fisher, J.L. Hall, ) | |
| Bradford James, Daniel K. Swad, Derham ) | |
| Cole, Alex Stavely, Williams McPherson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Robert Lee Foster ("Foster"), a state prisoner proceeding pro se, brought this action against the defendants, pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., all pretrial proceedings in this matter were referred to a magistrate judge. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss the complaint without prejudice and without service of process. (ECF No. 17). Foster has filed timely objections to the Report (ECF No. 19), and this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In making that determination, the court is charged with conducting a de novo review of those portions of the Report to which either party specifically objects. *See* 28 U.S.C. § 636(b)(1). Then, the court may accept, reject, or modify the Report or recommit the matter to the magistrate judge. *See id.*

The Report recommends the dismissal of the defendants because Foster's § 1983 lawsuit challenges his underlying conviction and seeks early termination of his imprisonment.[1] (ECF No. 17). The magistrate judge's well-reasoned and well-written Report thoroughly discusses the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Foster's claim needs to be presented in a petition for habeas corpus after the exhaustion of state remedies rather than in a suit brought pursuant to § 1983. Foster's objections, which are non-specific to the dispositive portions or the Report, state that he has exhausted state remedies. (ECF No. 19 at 2). Foster, however, filed his case pursuant to § 1983 and did not obtain or use the proper pleading forms available from the clerk of court for filing a petition of habeas corpus. (ECF No. 1).[2]

Accordingly, after a thorough review of the record, the court adopts the Report (ECF No. 17) and incorporates it herein. Therefore, the defendants are **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 7, 2015
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1] This is Foster's third § 1983 suit challenging his arrest and his conviction. *Foster v. Cole*, No. C/A 3:09-452-PMD-JRM, 2009 WL 1923382 (D.S.C. June 30, 2009), *aff'd*, 353 F. App'x 833 (4th Cir. 2009); *Foster v. Powers*, No. CA 3:08-0025-PMD-JRM, 2009 WL 349165 (D.S.C. Feb. 10, 2009), *aff'd*, 339 F. App'x 355 (4th Cir. 2009). The court may take judicial notice of such orders. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). Foster's previous cases were dismissed. In *Cole*, the court deemed the complaint "frivolous and vexatious," and ruled that its order be deemed a third strike pursuant to 28 U.S.C. § 1915, absent a threat of imminent danger pursuant to 28 U.S.C. § 1915(a).

[2] Foster has filed a petition for habeas corpus in the District of South Carolina. *See Foster v. South Carolina*, No. 9:14-cv-03853 (filed Oct. 2, 2014).